8973

NO. 8973.

COURT OF APPEAL

PARISH OF ORLEANS

———————

WILLIAM SILENZI

VERSUS

BAPTISTE SOUQUET

———————

Court of Appeal
PARISH OF ORLEANS
FILED April 9/23
Stansbury

8973

Dinkelspie; J.

The issues presented in this case are substantially as follows:-

The plaintiff brings this suit for damages to his Cadillac automobile; the damage occurred through a collision with defendant's Ford truck on September 6th, 1922. Plaintiff alleges that he was proceeding down Chartres Street and that his car was going about ten to twelve miles per hour, and that as his car was crossing the intersection of St. Peter Street a Ford truck belonging to the defendant, driven by him coming from the direction of the River on St. Peter Street suddenly and without any warning, dashed out St. Peter Street, ran into plaintiff's car striking it in the right front end, and driving it against a post on the woodside downtown corner of that intersection, causing damages in the sum of $113.41; he avers further that the sole cause of the accident was the negligence of defendant in not bringing his car to a stop by before crossing intersection of Chartres and St. Peter Streets, and that he, plaintiff, had right of way.

Defendant answered, admitting the occurrence of the collission, but denying any negligence or liability, he was operating his truck on St. Peter Street about ten miles per hour. Reaching Chartres Street he saw an automobile approaching, going north on Chartres Street at a fast rate of speed; and this being nearer the intersection and having the right of way he increased his speed in order to give the driver of plaintiff's automobile a chance to pass behind him, but instead of so doing the driver continued ahead and turned to his left, passing in front of defendantis car, causing the left front of his car to collide with an electric light iron box on the northwest corner of Chartres Street, and that before defendant could stop his truck it collided with the right front of plaintiff's automobile.

421

On this evidence the parties went to trial.

As usual in cases of this character, there is a conflict of testimony. The car of the plaintiff was driven by a Mr. Rousseau, he had no interest in this max car whatever, he was an employee of an automobile company and a complaint had been made to this company that there seemed to be a knock in this car, and he volunteered to drive plaintiff to his place of business and if possible on the way ascertain what the trouble was with the car, they drove through various streets in order to ascertain the trouble, and to locate it; they finally turned into Chartres Street toward St. Peter Street and the evidence further shows were driving slowly and carefully, ahx no other car in sight; in attempting to cross St. Peter and Chartres Street, defendant's car coming at a rapid rate of speed hit plaintiff's car and knocked it against an iron box, damaging the car to such an extent that he was compelled to bring it back to the shop and then had the repairs daxx done as shown by the itemized bill presented in this record.

On the other hand defendant contends that this car of plaintiff's went into this iron box before defendant struck it at all, and that if ih any damage was done it was defendankk through plaintiff's own fault and his own negligence.

The conflict between the witnesses in this case, as stated at the outset of this opinion materially differed, and after all it was a question of fact within the control and under the supervision of the trial Court; he heard and saw all the witnesses in this case, and as we have frequently decided was in a better position to determine whether or not defendant's car pushed plaintiff's car into the iron box or whether the car was driven into that position by the plaintiff in this case; he determined the question in favor of plaintiff, and giving this case careful and considerate attention, and there being no error/ patterns on the record to convince us that he was mistaken

we conclude that he had better opportunities seeing and hearing the witnesses, to come to a decision, than we have, and finding no error in his opinion, we concur therein.

For the reasons assigned, it is ordered, adjudged and decreed, that the judgment of the Court aquo in this case be and it is hereby affirmed, defendant to pay costs of both Courts.

Judgment affirmed.